UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSELUIS MORALES,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MARTIN BITER,<br><br>　　　　Respondent. | Case No.: 1:13-cv-01035-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION<br><br>(Docs. 1, 2)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDERING DIRECTING CLERK OF THE COURT TO ASSIGN DISTRICT JUDGE TO CASE |

　　　　Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　The instant petition was filed on July 5, 2013. Petitioner alleges that he is in custody of the California Department of Corrections and Rehabilitation, as a result of a conviction in the Riverside County Superior Court. (Doc. 1, p. 1). Petitioner provides no further information regarding his underlying conviction and sentence. However, Petitioner does not challenge either his conviction or sentence. Instead, Petitioner raises a single ground for relief, i.e., that the inadequate prison law library facilities at Pelican Bay State Prison, where Petitioner was formerly imprisoned, resulted in his civil rights lawsuit being dismissed by the Superior Court. (Doc. 1, p. 5).

### I. Request to proceed in forma pauperis

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed in forma pauperis is granted by the Court. See Rodriguez v. Cook, 169 F.3d 1178, 1177 (9th Cir. 1999).

The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an informa pauperis status does not violate the applicant's right to due process." Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing Weller v. Dickson, 314 F.2d 598, 600 (9th Cir. 1963)). In addition, the Court has broad discretion to grant or deny a motion to proceed IFP. O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990); Weller, 314 F.2d at 600-01. In making a determination, the court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." Temple v. Ellerthorpe, 586 F.Supp. 848, 850 (D.R.I. 1984).

Here, the Court recommends Petitioner's motion to proceed in forma pauperis be **DENIED** because, as discussed below, the petition for writ of habeas corpus fails to set forth any grounds that could invoke this Court's habeas jurisdiction and is, therefore, frivolous. See 28 U.S.C.§ 1915(e)(2).

### II. Discussion

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v.

Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has also held that "[h]abeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Docken v. Chase, 393 F. 3d 1024, 1031 (9th Cir. 2004)("[W]e understand Bostic's use of the term 'likely' to identify claims with a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by the Preiser Court.")

In contrast to a habeas corpus challenge to the length or duration of confinement, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, as mentioned, Petitioner alleges he filed in state court a civil rights lawsuit pursuant to 42 U.S.C. § 1983, based upon his contention that the CDCR had deprived Petitioner of his Eighth Amendment rights by failing to provide him with adequate medical treatment. (Doc. 1, p. 8). Petitioner further alleges that, at some time during 2009, attorneys for the defendants in the civil rights suit filed a motion for summary judgment that was ultimately granted by the Superior Court because Petitioner did not realize he needed to identify disputed issues of material fact. (Id., p. 7). Petitioner further alleges that his failure to realize this important legal point was the result of inadequate law library facilities at PBSP and the prison's policy of limited inmate access to the library itself. (Id., p. 8). Petitioner contends that he should be granted habeas relief "for the actual injury that he otherwise does not have available in future suits." (Id.).

While it is not clear precisely what relief Petitioner is seeking, it is abundantly clear that Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement. Indeed, no relief requested by Petitioner in his petition relates in any way to the fact or duration of his confinement. Therefore, the Court lacks habeas jurisdiction, and Petitioner is thus not entitled to habeas corpus relief. Hence, this petition must be dismissed. Should Petitioner wish to

pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.[1]

**ORDER**

Accordingly, the Clerk of the Court is HEREBY DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED for Petitioner's failure to state a claim upon which habeas relief can be granted.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one  (21) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 18, 2013**              /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] However, Petitioner is advised that he has no constitutional right to access the law library, except at the pleading stages of a direct criminal appeal, a civil rights action or a habeas corpus proceedings.  Lewis v. Casey, 518 U.S. 343, 354-355 (1996); Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995); Madrid v. Gomez, 190 F.3d 990, 995 (9th Cir. 1999). The right to access the law library does not guarantee a right to effectively participate in discovery or to effectively litigate such actions once they are filed. Id.